```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      PARKERSBURG
```

**JAMES JACKSON,**

       **Plaintiff,**

**v.**                            **Case No. 6:06-cv-00129**

**DARRELL HARPER, U.S. Treasury
ACS Manager, and STEPHEN M. HORN,
Assistant United States Attorney for
the Southern District of West Virginia,**

       **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On February 22, 2006, Plaintiff, an individual incarcerated in the State of North Carolina, filed a Complaint entitled "Bivens Claim" (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees (# 1). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

Plaintiff's Complaint is related to a series of complaints filed by Cornelius Tucker, another inmate incarcerated in the same facility in North Carolina. Since May 2, 2005, Mr. Tucker has filed nine cases in this court relating to the same subject matter. Mr. Tucker's complaints have asserted that defendant Harper, an employee of the United States Treasury Department's Bureau of

Public Debt, located in Parkersburg, West Virginia, and numerous other individuals, many of whom are employed by the correctional facility in which he is incarcerated in North Carolina, have conspired to deprive Mr. Tucker of United States savings bonds he purchased since December of 2003.  The presiding District Judges have dismissed six of those complaints as being frivolous or for failure to state a claim.  (See Case Nos. 6:05-cv-00368, 6:05-cv-00464, 6:05-cv-00497, 1:05-cv-00629, 6:05-cv-00729, and 6:05-cv-00730).

Another complaint concerning the same subject matter, which was filed by Mr. Tucker in the Magistrate Court of Wood County, West Virginia, was removed by defendant Harper to this court, pursuant to 28 U.S.C. § 1442(e), on the basis that Harper is an employee of the United States.  Assistant United States Attorney Stephen M. Horn, a defendant in the instant case, was the attorney who represented the United States in that matter.  Mr. Horn filed a Motion to Dismiss asserting that the court lacked jurisdiction over Mr. Tucker's claim.  On July 10, 2006, the presiding District Judge granted the United States' Motion to Dismiss that complaint.  (See Case No. 6:06-cv-00071).

Pursuant to 28 U.S.C. § 1915(g), because Mr. Tucker has filed at least three frivolous lawsuits while he has been incarcerated, he is no longer allowed to proceed in forma pauperis in civil actions, unless he is in imminent danger of serious physical harm.

Furthermore, an injunction prohibiting Mr. Tucker from filing any lawsuits in the United States District Court for the Eastern District of North Carolina without judicial review before filing has been upheld by the United States Court of Appeals for the Fourth Circuit. <u>See</u> <u>Tucker v. Seiber</u>, No. 9406649, 37 F.3d 1496, 1994 WL 567652 (4th Cir., Oct. 18, 1994)(unpublished).  The Fourth Circuit noted that between October 1993 and February 1996, Mr. Tucker filed 123 appeals in that court.  <u>See</u> <u>Tucker v. Storey</u>, No. 95-7676, 77 F.3d 471, 1996 WL 60452 (4th Cir., Feb. 12, 1996)(unpublished)(Luttig, J., concurring).  A search of Cornelius Tucker's name on Westlaw reveals at least 95 Fourth Circuit rulings involving Mr. Tucker.

It appears that Mr. Tucker may be recruiting other people, such as James Jackson, the plaintiff herein, to pursue this same frivolous litigation.  The instant Complaint alleges as follows:

> Comes now Plaintiff Jackson for Bivens claim relief, since I'm directly involved with the Cornelius Tucker and family fiduciary/portfolio bonds/treasury dispute, of genuine issue verified.  I'm benefactor to some of those, but due to defendants Harper refusal to dissipate his racial caucasian discrimination provacateur - instigation agenda, which deprives us of bonds reissuances 30-ee-series for change of benefactor to incorporate Tucker and our families business venture, Innovative Concepts/Unique Ideas Unincorporated.  We are African Americans, businessmen, but NC prisoners deprived and discriminated against by Harper's failure either to reissue or redeem bonds totaling $1,500.00 since Dec. 3, 04 report of bonds malicious destruction by Polk Prison guard R. Fountain.
>
> Harper made a pdf 2243 form for Tucker to have some other Polk guard James P. Orwin to complete as knowledge of bonds whereas Orwin had no knowledge and refuse to

3

>    disclose any indications, which unlawfully, Harper and
>    Horn utilize as an obstacle course to commit extortion,
>    embezzlement, funds misappropriations, breach of
>    contract, conversion, commingling, fraud, to defraud by
>    customer service by the destruction, causing me to be
>    deprived also of funds to purchase medical and insurance
>    coverages for my children. Both Horn and Harper are
>    abusive racist instigators in a mainly uneducated state
>    W. Va., which oppress blacks. The sec. 1983 originally
>    in the 60's known as sec. 1 of Ku Klux Klan Act of 1871,
>    passed specifically for African Americans to enforce the
>    new const. rights re: Civil War, 13th, 14th, 15th
>    Amendments. I deny FTCA redress this claim.

(# 2 at 3-4). The Complaint form states that Plaintiff seeks "injunctive relief (TRO) to prohibit continuity of withhold process to reissue bonds, change benefactor, or cash surrender to Tucker," compensatory damages in the amount of three hundred thousand dollars, punitive damages in the amount of one million dollars, and attorney's fees and costs. (Id. at 4).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. Because it is "beyond doubt" that Plaintiff's complaints in each of these matters are frivolous and

4

fail to allege facts entitling Plaintiff to relief, he should not be given an opportunity to offer evidence in support of his claims. See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

**ANALYSIS**

Plaintiff's Complaint is patently frivolous and fails to state a claim upon which relief can be granted.  Plaintiff has filed this complaint under the United States Supreme Court's ruling in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 288 (1971), which provides for civil liability of federal officials who violate an individual's constitutional rights.  A Bivens complaint must "allege[] the specific conduct violating the plaintiff's rights, the time and place of that conduct and the identity of the 'responsible officials.'" Preast v. McGill, 65 F. Supp.2d 395, 403 (S.D. W. Va. 1999)(quoting Colburn v. Upper Darby Township, 38 F.2d 663 (3d Cir. 1988)).

Plaintiff has named Darrell Harper, an employee of the United States Treasury Department's Bureau of Public Debt, as a defendant. Based upon documentation from Mr. Tucker's lawsuits, the undersigned is aware that Mr. Harper has communicated in writing with Mr. Tucker concerning the requirements for re-issuance of his savings bonds.[1]

---

[1] According to Mr. Tucker's complaints, he lost a batch of 30 series EE $50 savings bonds that were seized during a search of his prison cell.  Mr. Tucker has also been attempting to have other

Plaintiff has also named Assistant United States Attorney Stephen M. Horn as a defendant herein. Mr. Horn's only involvement with any of these matters was to represent the United States, the employer of defendant Harper, in a previous civil action filed by Mr. Tucker, which made nearly identical allegations to the instant matter. Mr. Horn, in his capacity as a government lawyer, appropriately moved to dismiss the case.

Plaintiff has not pled any basis for the liability of either of these defendants, other than his conclusory allegation that they are "abusive racist instigators." Plaintiff's allegations do not specifically allege how either Mr. Harper or Mr. Horn allegedly violated any of Plaintiff's constitutional rights. Plaintiff has not even alleged how he has any entitlement to Mr. Tucker's property. Therefore, he cannot allege a deprivation of his rights to such property.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS**

---

savings bonds that are jointly registered in his name and that of his deceased mother, and other bonds that are registered in his name, with one of his cousins named as the beneficiary, re-issued in his name alone. Based upon the documentation filed in Mr. Tucker's case, he has not satisfactorily complied with the Bureau of Public Debt's (the "BPD") regulations and requirements for the re-issuance of savings bonds. Accordingly, the BPD has not yet processed his claims.

Plaintiff's Complaint (# 2) under 28 U.S.C. § 1915A, and **DENY AS MOOT** Plaintiff's Application to Proceed Without Prepayment of Fees (# 1).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and Assistant United States Attorney Stephen M. Horn.

<table>
<tr><td>July 18, 2006<br>Date</td><td>/s/ Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>